1
2
3
4
5
6
7

JS-6

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11   FRANCISCA GUTIERREZ,                     Case No. 2:23-cv-00700-FLA (MRWx)

12                        Plaintiff,          **ORDER REMANDING ACTION FOR**
                                              **LACK OF SUBJECT MATTER**
13          v.                                **JURISDICTION [DKT. 22]**

14   BARCEL USA, INC., et al.,

15                        Defendants.

16

17

18                          **RULING**

19          On December 22, 2022, Plaintiff Francisca Gutierrez ("Plaintiff") initiated this

20   action against Defendant Barcel USA, Inc.[1] ("Defendant") in the Los Angeles County

21   Superior Court.  Dkt. 1-1 ("Compl.").[2]  The Complaint asserts ten different claims

22   premised in California state law.  *Id.*

23          On January 30, 2023, Defendant removed the action to this court based on

24   alleged diversity jurisdiction.  Dkt. 1.  In the Notice of Removal, Defendants allege

25   ─────────────────

26   [1] Plaintiff's state law complaint erroneously named Defendant as "Popcornopolis,
     LLC."  *See* Dkt. 1 at 2.
27
     [2] The court cites documents based on the page numbers added by the CM/ECF
28   system, rather than any page numbers included natively.

                                          1

1  the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in
2  controversy exceeds $75,000.  *Id.* at 7.

3  On August 30, 2023, the court ordered the parties to show cause ("OSC") why
4  the action should not be remanded for lack of subject matter jurisdiction due to an
5  insufficient amount in controversy.  Dkt. 22.  Both parties filed responses to the OSC.
6  Dkt. 24 ("Def. Resp."), 27 ("Pl. Resp.").

7  Having reviewed the Notice of Removal and the parties' responses to the OSC,
8  and for the following reasons, the court finds Defendant fails to establish subject
9  matter jurisdiction and accordingly REMANDS this action to the Los Angeles County
10  Superior Court.

11  **<u>REQUEST FOR JUDICIAL NOTICE</u>**

12  Defendant requests judicial notice of eight verdict summaries: six from the Los
13  Angeles County Superior Court, one from the San Francisco County Superior Court,
14  and one from the United States District Court for the Northern District of California.
15  Dkt. 26 ("RJN").

16  A court may take judicial notice of facts not subject to reasonable dispute
17  because they are either: (1) "generally known within the trial court's territorial
18  jurisdiction," or (2) capable of being "accurately and readily determined from sources
19  whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court
20  may take judicial notice of undisputed matters of public record.  *See Lee v. City of Los*
21  *Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); *see also United States v. S. Cal.*
22  *Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) ("While the authenticity and
23  existence of a particular order ... is judicially noticeable, veracity and validity of its
24  contents are not.").

25  Under Federal Rule of Evidence 201, the court finds it appropriate to take
26  judicial notice of the existence and authenticity of these documents.  The court
27  GRANTS Defendant's unopposed request for judicial notice.
28  / / /

2

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

**A. Plaintiff's Initial Disclosures**

Plaintiff states she believes the amount in controversy exceeds the jurisdictional minimum and the court has subject matter jurisdiction over her claims. Pl. Resp. at 2. Defendant points to Plaintiff's initial disclosures, wherein Plaintiff estimated her damages are worth $110,712.50, as evidence the amount in controversy exceeds the jurisdictional minimum. Def. Resp. at 7–8. Plaintiff's estimate of her damages "is

relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. West, Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted).

The parties have not proffered any evidence to suggest that Plaintiff's estimate is anything more than a "bold optimistic prediction." *See id.* ("The leap from $4,597.77 in medical expenses incurred to [defendant's] assertion that [plaintiff's son] has suffered damages in excess of $75,000 because he cries a lot and wakes up several times a night is difficult to credit. [Defendant] cites no facts that indicate a damages award anywhere near $75,000—let alone $1,000,000—is likely."). Significantly, Plaintiff provides no facts to jusify how he determined this amount. *See Romsa*, 2014 WL 4273265, at *2 (noting plaintiff's statement of damages did not explain how he arrived at his figures); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (same); *see also Owens v. Westwood Coll. Inc.*, 2013 WL 4083624, at *4 (C.D. Cal. Aug. 12, 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

The court, therefore, declines to consider Plaintiff's damages estimate of $110,712.50 for the purposes of determining the amount in controversy and addresses Defendant's remaining arguments.

**B.   Lost Wages**

Plaintiff claims she was paid a wage of $15.00 per hour and worked at least 40 hours per week. Compl. ¶¶ 24, 55. Defendant, thus, calculates that Plaintiff's lost

wages totaled $25,800 ($15.00 per hour multiplied by 40 hours per week multiplied by 43 weeks) as of the date of removal.  Def. Resp. at 9.  This calculation appears proper and Plaintiff has not contested this figure.  For the purposes of this Order, without making any related legal or factual determinations, the court assumes Plaintiff's lost wages as of the date of removal is $25,800.

However, Defendant further argues that, because trial in this matter is currently scheduled for August 8, 2024, the court should calculate lost wages from April 2022 (Plaintiff's alleged date of termination) to August 2024, placing $73,200 in lost wages in controversy.  *Id.*  Many courts in this district have declined to project future lost wages beyond the date of removal.  *See Ramirez v. Builder Servs. Grp., Inc.*, Case No. 5:22-cv-1571-JGB (KKx), 2023 WL 115561, at *4 (C.D. Cal. Jan. 5, 2023) (collecting cases).  The court agrees with *Ramirez* and declines to project lost wages through the currently-set trial date in this action and will consider Plaintiff's claimed lost wages as of the date of removal only.

Defendant additionally argues three additional damages categories bring the amount in controversy to over $75,000: emotional distress damages, punitive damages, and attorney's fees.  For the following reasons, however, Defendant fails to demonstrate that the amount in controversy when considering these categories brings the action past the jurisdictional threshold.

## C.    Emotional Distress

Defendant asserts the court should "credit at least $10,000 as a conservative estimate" of Plaintiff's emotional distress damages.  Def. Resp. at 11.  To determine the amount of emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018).  "[T]he cases must be factually identical or, at a minimum, analogous to the case at issue."  *See Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

Courts are not required include emotional distress damages as part of the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.,* Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence) how the facts in those cases compare to the facts presented here is … insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the evidence.").

Here, Defendant fails to meet its burden. Defendant cites several cases involving age discrimination and harassment in which plaintiffs have been awarded between $54,000 and $172,000 in damages. Def. Resp. 10–11; *see also* RJN, Exs. B–E. Defendant, however, fails to explain how the facts of the instant action are similar to those cited, such that the court may reasonably assume a jury would award similar damages here. Accordingly, the court does not include any emotional distress damages in the demonstrated amount in controversy.

## D.    Punitive Damages

Defendant's inclusion of punitive damages is likewise speculative and insufficient to meet its burden. "[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* This involves "articulat[ing] why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* (emphasis in original) (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

/ / /

1    Defendant identifies two cases in which juries awarded punitive damages of

2    $16,000,000 and $300,000, but does not explain how the facts of those cases are

3    similar to the instant action.  Def. Resp. at 11 (citing RJN, Exs. E–F).  Defendant also

4    notes Plaintiff's initial disclosures calculated $100,000 for "general and punitive

5    damages."  *Id.*  As stated, however, neither party has proffered any evidence to

6    suggest Plaintiff's estimations in her initial disclosures are reasonable and/or based in

7    evidence.  *See Romsa*, 2014 WL 4273265, at *2.

8    Defendant thus fails to carry its burden to show that any particular amount of

9    punitive damages is in controversy in this case.

10       **E.    Attorney's Fees**

11   Finally, Defendant argues that at least $30,000 in attorney's fees are in

12   controversy, based on assumptions of a $300 hourly fee and 100 hours of work.  Def.

13   Resp. at 13.  "[W]here an underlying statute authorizes an award of attorneys' fees,

14   either with mandatory or discretionary language, such fees may be included in the

15   amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

16   1998).  But a removing defendant must "prove that the amount in controversy

17   (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of

18   the evidence," and must "make this showing with summary-judgment-type evidence."

19   *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).  "A

20   district court may reject the defendant's attempts to include future attorneys' fees in

21   the amount in controversy if the defendant fails to satisfy this burden of proof."  *Id.*

22   Defendant cites to three age discrimination and wrongful termination cases in

23   which courts have awarded significant attorney's fees awards (*see* Def. Resp. at 12

24   (citing RJN, Exs. D, G, H)) and one "similar wage-and-hour claim in which a court

25   awarded $59,544 in attorney's fees" (*see id.* (citing RJN, Ex. I)).  As with its

26   arguments regarding emotional distress and punitive damages, Defendant does not

27   explain how any of the cited cases are factually similar to the instant action such that

28   they might serve as a reasonable basis for calculating potential attorney's fees here.

7

Without more, Defendant's projections of attorney's fees are merely speculative.

## **CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, Defendant has not persuaded the court, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Therefore, there is no basis for diversity jurisdiction.  *See* 28 U.S.C. § 1332.

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 22STCV39840.  All dates and deadlines in this court are VACATED.  The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: October 10, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge